UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KALEB KOHLER, MICHELLE KOHLER, and GARY KOHLER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:06CV00098 AGF |
| MID-CENTURY INSURANCE COMPANY, and FARMERS INSURANCE GROUP, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion to remand the case to the state court in which it was filed.[1] For the reasons set forth below, the Court will require further information before rulong in the motion.

Plaintiffs, all Missouri residents, filed this breach-of-contract action in the Circuit Court of the City of St. Louis, Missouri, on August 23, 2005. They allege that Plaintiff Kaleb Kohler sustained serious injuries in a motor vehicle accident when he was the passenger in a car driven by an underinsured motorist whose negligence caused the accident. Defendant Mid-Century Insurance Company is a California company, and Defendant Farmers Insurance Group is either a California company, as asserted by

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiffs, or not an entity capable of being sued, as asserted by Defendants. Plaintiffs claim that Defendants breached insurance "policies" for underinsured motorist coverage. Plaintiffs seek damages "that are fair and reasonable under said policies with interest," statutory damages for vexatious refusal to pay, and attorney's fees and costs.

On January 20, 2006, Defendants filed a notice of removal, removing the action to this Court pursuant to 28 U.S.C. § 1446(b) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendants asserted that only one policy was involved, and that it had a policy limit of $50,000 per person and $100,000 per accident. Defendants asserted that based upon the allegations in the complaint, the entire $50,000 policy limit is implicated. They further asserted that the $50,000, together with the statutory penalty of $5,150 which may be awarded for vexatious refusal to pay, and attorney's fees, which could reasonably be assumed to be at least $20,000, yielded an amount in controversy in excess of the $75,000 jurisdictional amount for diversity jurisdiction.

Defendants attached exhibits to the notice of removal, including (1) an affidavit by a Missouri attorney, attesting that a reasonable attorney's fee in this case would be at least $20,000, whether on an hourly rate (of $200/hour for at least 100 hours) or contingency fee basis (of 40 percent); and (2) a demand letter by Plaintiffs' counsel in the amount of approximately $110,000 to cover Kaleb Kohler's medical bills and pain and suffering.

On March 6, 2006, Plaintiffs filed the motion to remand now under consideration. Attached to the motion is an affidavit by one of Plaintiff's attorneys, attesting that the

contingency fee percentage in this case is 33 1/3 percent of the amount covered, that his and co-counsel's hourly rate is $150, that no more than 100 hours "will be required to prepare for and try this case," and that the maximum attorney's fee would thus be $18,199.50[2] on a contingency basis and $15,000 on an hourly basis.  Plaintiffs argue that therefore the maximum total damages, including attorney's fees, is less than $75,000, and the case should be remanded.

In response, Defendants argue that the motion to remand must be denied absent a binding stipulation on the part of Plaintiffs that they will seek attorney's fees only to the extent that their total award would not exceed the jurisdictional minimum.  The Court agrees.

Where the amount in controversy is ambiguous on the face of the state court petition at the time of removal, a plaintiff's post-removal affidavit or similar declaration that he will not seek or accept in state court more than the jurisdictional amount would warrant remand.  Halsne v. Liberty Mut. Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999); Walsh v. J.B. Hunt Transport, Inc., 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998). While Plaintiffs may well have intended such a statement here, the Court concludes that Plaintiffs' assertions in the motion to remand and accompanying affidavit do not unequivocally state that they will not seek or accept in excess of $75,000 in state court. Upon the filing of an affidavit, preferably signed by Plaintiffs themselves, so stating,

---

[2] This is the amount stated in the motion to remand.  A slightly different and apparently erroneous number appears in counsel's affidavit.  The variance is not material.

Plaintiffs would be entitled to have their case remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have ten (10) days from the date of this Order to file an affidavit pertaining to the amount in controversy. In the event no such affidavit is filed, Plaintiffs' motion to remand will be taken under submission as filed.

                                                                        /s/ Audrey G. Fleissig
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of May, 2006.